## Levitan Lumber Company, Defendant in Error, v. Max Yegendorf et al., Plaintiffs in Error.

### Gen. No. 19,723.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 24, 1915.

### Statement of the Case.

Action by Levitan Lumber Company against Max Yegendorf and another to recover the sum of $65.15, averred by the statement of claim to have been "the current market price of lumber delivered to a building of the defendant, Max Yegendorf," for which it was alleged both he and one Balonik, his contractor, promised to pay. Yegendorf's affidavit of defense alleged that the goods were not ordered by nor delivered to him, but were sold to Balonik, and that he never so promised. From a judgment for plaintiff, defendant, Yegendorf, brings error.

WILLIAM J. DILLON, for plaintiffs in error.

HELDMAN, JACKSON & GRAFF, for defendant in error; LEWIS F. JACOBSON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 372*—*when invalidity of contract under Statute of Frauds not considered.* Where the question as to the invalidity of an oral contract under the Statute of Frauds was not raised below, it will not be considered for the first time in the Appellate Court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. SALES, § 332*—*when judgment for value of goods sold must be reversed.* Where in an action to recover for the reasonable value of lumber alleged to have been sold and delivered to defendant there was no evidence whatever of quantity, quality or value of same, a judgment in favor of plaintiff must be reversed, there being no contention that a price was agreed upon between the parties.

3. SALES, § 327*—*what evidence insufficient to prove quantity and value of goods sold.* In an action for the reasonable value of goods alleged to have been sold to defendant, proof merely of the amount of the bill entered on plaintiff's books is insufficient to prove the quantity, quality or value of the goods sold.